## Josiah Fuller vs. Joseph Whipple, Jr.

Where an action was brought on a judgment in full force then, but which judgment was reversed before the trial of the action, and by reason thereof the plaintiff became nonsuit; the defendant was allowed full costs.

Debt on a judgment recovered in the State of *Connecticut*, which at the time of the commencement of the suit was in full force, and not revoked or annulled. Subsequently proceedings in the Supreme Court in *Connecticut* were instituted, which resulted in a reversal of the judgment, and the record of the reversal was produced at the trial, and thereupon the plaintiff became nonsuit. The defendant moved for costs, which was opposed by the plaintiff, who denied, that any costs could be given, and if any, only after the reversal of the judgment. *Shepley J.*, then holding the Court, directed full costs to be allowed, to which direction the plaintiff excepted.

*Kent*, for the plaintiff, argued, that as there was a good cause of action when the suit was commenced, and which failed only from subsequent acts, the defendant was not entitled to costs ; and if to any, only to costs accruing after the reversal of the judgment. He cited *McNeil* v. *Bright*, 4 *Mass. R.* 282; *Stinson* v. *Sumner*, 9 *Mass. R.* 143; *Thayer* v. *Seavey*, 2 *Fairf.* 284; *Smith* v. *Barker*, 1 *Fairf.* 458; *Foster* v. *Jones*, 15 *Mass. R.* 185; *Winthrop* v. *Carleton*, 8 *Mass. R.* 456.

*P. Chandler*, for the defendant, contended, that he was entitled to his costs, as the prevailing party ; and cited *Hart* v. *Fitzgerald*, 2 *Mass. R.* 509; and *Gilbreth* v. *Brown*, 15 *Mass. R.* 179.

By the Court.

Weston C. J. — The reversal of the judgment, left the action without any support whatever. It was incident to that judgment, to be so dealt with, on process in error. The plaintiff, having failed in his action, and having become nonsuit, the defendant is the prevailing party; and as such entitled to costs.

*Exceptions overruled.*